1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASEN LYNN DUSHANE,

                          Plaintiff,

        v.

NEVADA DEPARTMENT OF
CORRECTIONS, *et al.,*

                          Defendants.

Case No. 3:15-cv-00501-MMD-WGC

ORDER

On July 22, 2016, this Court issued a screening order in this case and stayed the case for ninety (90) days to give the parties an opportunity to settle their case with a court-appointed mediator. (ECF No. 6, 10.) However, Plaintiff had failed to update his change of address with the Court and all of the Court's orders were returned as undeliverable. (ECF No. 8, 11.) On August 31, 2016, this Court directed Plaintiff to file an updated address with this Court within thirty (30) days from the date of that order. (ECF No. 13.) On October 12, 2016, the Court dismissed Plaintiff's case without prejudice based on his failure to file an updated address in compliance with the Court's August 31, 2016, order. (ECF No. 16.) The Clerk of the Court entered judgment accordingly. (ECF No. 17.)

On November 17, 2016, Plaintiff filed a notice of change of address. (ECF No. 18.) Plaintiff also filed a motion for an extension of time. (ECF No. 19.) In the motion, Plaintiff alleges the following: Plaintiff had been in the custody of the U.S. Marshals since April 2016. (*Id.* at 1.) All of his legal work had been in the custody of the U.S. Marshals. (*Id.*) Plaintiff did not have any of his case numbers until November 9, 2016. (*Id.*) Plaintiff

attempted to give notice of his change of address to the district clerk but the clerk had rejected the notice stating "need case numbers." (*Id.*) Plaintiff wrote the U.S. Marshals and the Nevada Southern Detention Center multiple times in due diligence. (*Id.*)

In response, Defendants argue that in order for Plaintiff to reopen his case he would have to meet the requirements of Federal Rule of Civil Procedure 60 to set aside the Court's order. (ECF No. 20 at 5.) Defendants argue that Plaintiff has not provided any case law or argument that would reopen his case. (*Id.*)

In reply, Plaintiff argues that the Court should reopen his case under Rule 60 and reiterates his original arguments. (ECF No. 21 at 1-2.)

In response to Plaintiff's reply, Defendants filed a motion to strike Plaintiff's Rule 60 arguments because raising those arguments for the first time in a reply is procedurally inappropriate. (ECF No. 22).

Plaintiff also filed a motion in support of dismissal which appears to argue that the dismissal was caused by the neglect of the U.S. Marshals and not by him. (ECF No. 24.) However, Plaintiff appears to agree that dismissal is appropriate in this case.

In any event, the Court interprets the motion for an extension of time and the motion in support of dismissal (ECF No. 19, 24) as Plaintiff's attempt to reopen his case under Rule 60(b). Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In order to set aside a judgment under Rule 60(b)(1), a party must satisfy a four-part test: (1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith. *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court denies Plaintiff's motions to reopen his case because Plaintiff fails to satisfy the four-part test. In this case, the Court had scheduled an early inmate mediation conference and then had to vacate the conference because Plaintiff had not updated his

address with the Court and the Court did not know where to find Plaintiff. (*See* ECF No. 10, 14.) Additionally, Plaintiff had left the Nevada Department of Corrections in April 2016 but did not update his address with the Court until eight (8) months later. Although Plaintiff asserts that the Clerk of the Court rejected his change of address notifications due to his failure to add case numbers, Plaintiff has not provided any copies of those rejection letters and has not provided any dates in which he allegedly sent those letters. Moreover, it is Plaintiff's obligation to ensure that his filing includes the correct case number.  Plaintiff has not demonstrated that his failure to notify the Court of his change in address is the result of excusable neglect.  As such, the Court will not reopen this case.

For the foregoing reasons, it is ordered that the motion for extension of time (ECF No. 19) is denied.

It is further ordered that the motion to strike (ECF No. 22) is denied.

It is further ordered that the motion in support of dismissal (ECF No. 24) is denied.

It is further ordered that Plaintiff must not file any more documents in this closed case.

DATED THIS 23rd day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE